# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:19 cr 163 |
| YU ZHOU and LI CHEN | ) | |
| | ) | Honorable Sarah D. Morrison |
| Defendant. | ) | Honorable Kimberly A. Jolson |

## DEFENDANT YU ZHOU'S MOTION FOR BOND

NOW COMES, Defendant, YU ZHOU, by and through his attorneys, SEIDEN NETZKY LAW GROUP, LLC, and in his Motion for Bond states as follows:

1. On or about July 23, 2019, the Government filed its Indictment against Zhou and Chen, Zhou's wife, charging (1) count of Conspiracy to Commit Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(5), three (3) counts of Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(1-4), one (1) count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and twenty-two (22) counts of Wire Fraud in violation of 18 U.S.C. 1343, along with forfeiture allegations under 18 U.S.C. §§1834 and 2323 and under 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (R 6).

2. Both Defendants have entered pleas of Not Guilty to the Indictment.

3. On or about July 29, 2019, Zhou was arrested in the Southern District of California. (R 13). On or about August 1, 2019, the court in the Southern District of California granted the Government's Motion for Detention. (R 13). On or about August 13, 2019, the court in the Southern District of California ordered Zhou removed to the Southern District of Ohio. (R 13).

4. On or about September 16, 2019, this Court arraigned the Defendants and held detention hearings. Both were ordered detained pending trial. (R 29, R 31).

1

5. On October 31, 2019 the instant matter was set for a status hearing before this court and this cause was designated "unusual or complex". (R 45).

6. As outlined in the accompanying memorandum of law, Yu Zhou does not pose a risk of flight or danger to any person and is an ideal candidate for bail release. An additional and even more pressing reason exists for the granting of bail release in this case which is his right to due process being able to assist in the preparation of his defense.

7. The Government in this case has produced a staggering amount of discovery which already includes multiple terabytes of data consisting of an anticipated document count of multiple millions of pages of information. (A terabyte is 1,000 gigabytes; a number larger than the memory of most computers generally used by the public). The production is further complicated by the anticipated entry of a protective order which will facilitate the production of alleged confidential materials inhibiting the dissemination of those designated materials. At present, the Defendant is unable to assist in his own defense whatsoever, and due to the conditions of his pre-trial detention and the lack of facility to review both written and/or electronic materials, not to mention the distance of his incarceration from counsel. Taking all of these circumstances into account it is impossible for counsel to adequately prepare a defense at trial. As millions of documents continue to be produced, any hope of preparing a defense without the assistance of the Defendant becomes increasingly difficult if not totally impossible.

8. In light of the complexity and quantity of discovery materials that the Government is producing in this case, and the restrictions that are being placed on their review, Defendant's right to a fair trial is wholly compromised. Should this case continue in this manner, neither the Defendant nor his counsel can conduct a meaningful, complete or thorough review of the discovery that is required for his defense. It is clear under the current circumstances Defense counsel will not be able to adequately prepare or otherwise provide effective assistance of

counsel. Coupled with the fact that conditions exist that will reasonably assure the safety of the community and the Defendant's appearance in court, the granting of bail becomes a necessity.

WHEREFORE, Defendant, YU ZHOU, respectfully requests this Honorable Court grant his Motion for Bond and for any further relief this Court deems necessary and just.

Dated: November 8, 2019 	Respectfully Submitted,

<u>/s/ Tyler Geppert</u>
Tyler Geppert (#6322536)
Glenn Seiden (#2543761)
Attorneys for Yu Zhou
SEIDEN NETZKY LAW GROUP, LLC
333 South Wabash Suite 2700
Chicago, Illinois 60604
312.236.3060
tgeppert@snlgllc.com
gseiden@snlgllc.com

Neil W. Rosenberg (#5771)
400 South 5th Street Suite 301
Columbus, Ohio 43215
614.464.2213

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:19 cr 163 |
| YU ZHOU, ) | |
| ) | Honorable Sarah D. Morrison |
| Defendant. ) | Honorable Kimberly A. Jolson |

**MEMORANDUM IN SUPPORT OF DEFENDANT YU ZHOU'S MOTION FOR BOND**

NOW COMES, Defendant, YU ZHOU, by and through his attorneys, SEIDEN NETZKY LAW GROUP, LLC, and in his Motion for Bond states as follows:

**INTRODUCTION**

This memorandum is submitted in support of Yu Zhou's Motion for Bail pursuant to 18 U.S.C § 3142(g) and the Fifth, Sixth, and Eighth Amendments to the United States Constitution. There is a presumption favoring bail release for the offense with which the Defendant is charged. Defendant is a candidate for release as he can demonstrate that he does not pose a risk of flight or danger to any person or the community. Further, given the staggering quantity of discovery and the case being deemed unusual and complex, Defendant's continued detention makes it impossible for counsel to adequately prepare for an anticipated trial in this matter.

**STATEMENT OF FACTS**

On or about July 23, 2019, the Government filed its Indictment against Zhou and Chen, charging (1) count of Conspiracy to Commit Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(5), three (3) counts of Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(1-4), one (1) count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and twenty-two (22)

4

counts of Wire Fraud in violation of 18 U.S.C. 1343, along with forfeiture allegations under 18 U.S.C. §§1834 and 2323 and under 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (R 6).

## **LAW**

Under the Bial Reform Act of 1984, 18 U.S.C § 3141 et seq., a court generally "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the Defendant's appearance when required and the safety of the community." *United States v. Madoff*, 586 F. Supp. 2d 240, 246 (S.D.N.Y. 2009); 18 U.S.C. § 3142 (c)(1)(B). It is properly viewed as a permissible regulatory, or preventative measure for use by the Courts, rather than being punitive in nature. See *United States v. Salerno*, 481 U.S. 739, 747, 107 S. Ct. 2095, 2101 (1987). In enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release for the majority of Federal defendants." *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) cert. dismissed 479 U.S. 978, 107 S. Ct. 562 (1986). Accordingly, the Supreme Court has observed that "in our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755, 107 S.Ct. at 2105.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider the following factors:

> 1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive devise;
>
> 2) the weight of the evidence against the person;
>
> 3) the history and characteristics of the person including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

5

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C § 3142 (g).

**I. Nature and Circumstances of the Offense and the Weight of the Evidence.**

The Defendant is charged with one count of conspiracy to commit theft of trade secrets, three counts of theft of trade secrets, and twenty three counts of wire fraud. The crimes charged are serious albeit more so as a result of the current political climate. However, under the Bail Reform Act, these charges do not give rise to a presumption that no conditions of release will reasonably ensure the safety of the community. To support a request for detention the Government must carry its burden of proving first there is an actual risk of flight by preponderance of the evidence, and then the absence of any combination of conditions that could reasonably assure the Defendant's appearance.

The seriousness of the offense does not put the Defendant in the limited group of persons who should be denied bail prior to trial.

Further, in regards to the second factor of § 3142(g) – "the weight of the evidence against the person" – requires the Court to consider evidence proffered by the Government that it intends to use at trial. It is apparent that the Government does not have an adequate grasp of all the evidence they intend to use at trial. However, even if the government has evidence sufficient to demonstrate the Defendant participated in the offense outlined in the indictment, there is no reason to conclude from that evidence that the Defendant is unlikely to observe his legal obligation to attend Court.

**II. History and Characteristics of the Person and Nature and Seriousness of Danger to the Community or Persons.**

The Defendant has lived and conducted research in the United States for over fifteen years. The Defendant is a United States citizen and has his permanent residence in the United States. The

Defendant's employment and family are located in the United States. Defendant does not strive to suggest his connections to the China are minimal, but they do not warrant the excessively long pre-trial detention anticipated in this matter.

As stated in the previous detention hearing, conditions exists that could reasonably assure the Defendant's appearance in court. The Defendant's only residence in California has an approximate value of one million one hundred thousand ($1,100,000) dollars. The Defendant also has access to family and friends who may be able to post a significant cash bond.

Further, there is no evidence proffered that Defendant is an irremediable flight risk. Defendant's significant family and community ties, coupled with conditions that would reasonable assure the Defendant's presence weigh strongly in favor of pretrial release.

### III. Due Process Considerations.

Although the Speedy Trial Act, 18 U.S.C. § 3161 et seq., is designed to ensure that federal criminal matters are brought expeditiously, the parties realize federal cases often take months or even years before they are tried. In this case, the unusual complexity and likelihood that the trial could be extended indefinitely raises serious constitutional concerns regarding the length of the Defendant's detention. Given the staggering amount of discovery in this case, believed to be in the millions of pages, there is a very high risk that continued pre-trial detention will result in a due process violation.

Regarding the length of pretrial detention, there is no doubt that the longer the pretrial detention the more likely the denial of due process occurs. Typically, this factor weighs in favor of the moving defendant. See, e.g., *United States v. Gonzales-Claudio* 803 F.2d 334, 341 (2d Cir. 1986) ("detention that has lasted for fourteen months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process"). The Defendant acknowledges that this is not a determinative factor, however, the concern is significant enough to warrant serious consideration.

Pretrial detention constitutes a punishment in violation of the Fifth Amendment's Due Process Clause when it is excessive in relation to non-punitive purposes of detention, such as "preventing danger to the community," *Salerno*, 481 U.S. at 746-7 or "ensuring a defendant's presence at trial," *Bell v. Wolfish*, 441 U.S. 520, 536, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979).

Courts have consistently found that pretrial detention violates a Defendant's due process rights when insufficiently justified. See, e.g., *United States v. Khashoggi*, 717 F. Supp. 1048, 1051 (S.D.NY. 1989) (finding that likelihood of a somewhat prolonged pretrial detention weighed in favor of defendant's bail application); *United States v. Lofranco*, 620 F. Supp. 1324, 1326 (N.D.N.Y. 1985) (while releasing defendant would create potential dangers to the public and to the integrity of the trial, danger was outweighed by liberty interest of defendant who had already been held for six months).

Defendant has already been detained since July 29, 2019. The Government has produced in excess of three terabytes of data (or 3,000 gigabytes). The Government has made clear its intention that provided Defense Counsel agree to a protective order, it intends to produce alleged confidential information amounting in excess of an additional terabyte. The Government has advised defense counsel that the amount to data to be produced in aggregate will be the equivalent of multiple millions of pages.

Simply put, a full review without the Defendant's supervision could take years while the Defendant remains in preventative detention. Making matters worse, the facility in which the Defendant is being held simply does not have a means to allow the Defendant to review *any* discovery. Confusingly, even if the protective order is executed to alleviate the Government's concern that confidential information will be disseminated, the Defendant is still unable to review any of the confidential documents under the terms of his detention. Surely this is exactly the type of case that Courts have warned will result in due process violations. The Defendant's

concerns are not a result of speculation. Admittedly, the anticipated production of millions of documents and the consideration of an indefinite continuance of a trial date by the Court gives rise to serious concern. Not only would the Defendant be unable to assist meaningfully in his own defense, Defendant would be deprived of his right to effective assistance of counsel.

Conceivably, if the status quo remains, the Defendant will be held in preventative detention whilst Defense counsel expends many months and likely years sufficiently reviewing the discovery. Even after the requisite time for review has concluded, the Defendant will still be unable to meaningfully assist in his own defense. Defendant asserts that any concerns regarding risk of flight, which can be resolved, are outweighed by Defendant's constitutional right to a fair trial which is at serious risk of violation. In the alternative, with the Defendant's release under certain conditions, the Defendant can assist in his Defense and bring about a more expedient resolution of the case in the interests of all parties.

## **PROPOSED CONDITIONS**

Defense counsel suggests an alternative to the status quo that alleviates the Defendant's constitutional concerns and the Government's concerns regarding risk of flight.

The Defendant recommends the following combination of conditions that will assure the Defendant's appearance in Court and alleviate any constitutional violations:

1) A $1,000,000 bond, secured by the Defendant's property in California and signatures of financially responsible parties including family members;

2) Residence in the Defendant's property in California, and pre-trial supervision; or, in the alternative, Residence in the Southern District of Ohio where the Defendant will be proximate to the Southern District Courthouse and pre-trial services, as well as readily accessible to his counsel and available to review the discovery in this case;

9

3) Monitoring of the Defendant's computer usage by pre-trial services;

4) Any additional measures this Honorable Court deems advisable.

WHEREFORE, Defendant, YU ZHOU, respectfully requests this Honorable Court grant his Motion for Bond under the terms set forth herein and for any further relief this Court deems necessary and just.

Dated: November 8, 2019　　　　　　　　　　　　　Respectfully Submitted,

/s/ Tyler Geppert
Tyler Geppert
Glenn Seiden
Attorneys for Yu Zhou
SEIDEN NETZKY LAW GROUP, LLC
333 South Wabash Suite 2700
Chicago, Illinois 60604
312.236.3060
tgeppert@snlgllc.com
gseiden@snlgllc.com

Neil W. Rosenberg (#5771)
400 South 5th Street Suite 301
Columbus, Ohio 43215
614.464.2213

**CERTIFICATE OF SERVICE**

I, Tyler J. Geppert, an attorney, to hereby certify in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, and the General Order on Electronic Case Filing (ECF), *Defendant Yu Zhou's Motion for Bond*, was served pursuant to the District Court's ECF system as to all ECF filers on this, the 8th day of November, 2019.

/s/ Tyler J. Geppert
Tyler J. Geppert