# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:19-CR-163(1) and (2) |
| v. : | |
| : | JUDGE SARAH D. MORRISON |
| YU ZHOU (1) : | |
| : | |
| and : | |
| : | |
| LI CHEN (2), : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

Defendant Li Chen presents the following motions for the Court's consideration: (1) Motion to Dismiss Counts 5, 7-11, 14, 16-18 and 20-27 Because 18 U.S.C. § 1346 is Void for Vagueness (ECF No. 49); (2) Motion to Dismiss Counts 5, 7-11, 14, 16-18 and 20-27 for Failing to State an Offense (ECF No. 50); and (3) Alternative Motion to Dismiss Counts 5, 7-11, 14, 16-18 and 20-27 Because they are Duplicitous (ECF No. 61). Being fully advised, the Court **DENIES** all three motions.

Defendant Yu Zhou joins in Defendant Chen's Motion to Dismiss for Failing to State an Offense (ECF No. 50) as to counts 5-7, 12-16, 18-20 and 22-26 via his Amended Motion to Dismiss (ECF No. 54). That amended filing renders Zhou's original Motion to Dismiss, ECF No. 53, **MOOT**. Because the Court **DENIES** Chen's Motion to Dismiss for Failing to State an Offense (ECF No. 50), the Court **DENIES** Zhou's Amended Motion to Dismiss (ECF No. 54).

I. **BACKGROUND**

The July 23, 2019 twenty-seven count Indictment asserts that Defendants Zhou and Chen, whom are married, each worked for Nationwide Children's Hospital ("Nationwide") for approximately ten years. During their employment, Defendants conducted exosome research for Nationwide. Exosomes "are small membrane-bound sacs that are produced by human cells that carry cell-derived components such as RNA, microRNA (or miRNA), and DNA." (ECF No. 6 at ¶ 4.) They "play a key role in the research, identification and treatment of a range of medical conditions including necrotizing enterocolitis (a condition found in premature babies)," and certain types of cancer. *Id*. While employees of Nationwide, Zhou and Chen allegedly established three companies that conducted business related to exosomes without Nationwide's notice or consent. At least one of those entities conducted business in China, also without Nationwide's knowledge or approval.

The Indictment alleges, *inter alia*, that Zhou and Chen violated the wire fraud statutes when stealing Nationwide's exosome-related trade secrets. (ECF No. 6.) In particular, the Indictment asserts that Chen and Zhou, each as principals under 18 U.S.C. § 2[1], violated the wire fraud statutes, 18 U.S.C. §§ 1343 and 1349[2] by "knowingly and with the intent to defraud,

---

[1] 18 U.S.C.S. § 2 provides:
    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

[2] Section § 1343 addresses substantive violations while § 1349 deals with conspiracy.

devise and intend to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materialy false and fraudulent pretenses, representations, promises, and omissions, and to deprive Nationwide Children's Hospital of its intangible right to Zhou's and Chen's honest services." (ECF No. 6 at ¶ ¶ 24, 27).

Presently, Chen asserts three grounds for dismissal of the honest services portion of the wire fraud counts (Counts 5, 7-11, 14, 16-18 and 20-27, collectively, "counts"). First, she argues that the statute mentioning honest services fraud, 18 U.S.C. § 1346, is unconstitutionally vague. (ECF No. 49.) Alternatively, she asserts that dismissal is proper under Fed. R. Crim. P. 12(b)(3)(B)(v) because the counts fail to state an offense. (ECF No. 50.) Third, and finally, she contends that the counts are duplicitous. (ECF No. 61.) A discussion of each motion follows.

## II.     MOTION TO DISMISS BECAUSE § 1346 IS VOID FOR VAGUENESS

In this line of attack, Chen maintains that dismissal is proper because § 1346 is unconstitutional both facially and as applied to her due to vagueness. (ECF No. 49.) The Government responds that the United States Supreme Court has previously found § 1346 to be facially constitutional such that this Court must do so as well. The Government addresses Chen's as-applied challenge by asserting that Chen's alleged conduct and omissions fall well within the gambit of the honest services doctrine set forth in § 1346 held constitutional by the United States Supreme Court in *Skilling v. United States*, 561 U.S. 358 (2010).

### A. Vagueness

"A vague law is no law at all" because it violates due process by failing to put ordinary people on notice of "what the law demands of them." *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019). Furthermore, "[v]ague laws also undermine the Constitution's separation of powers" by "threaten[ing] to hand responsibility for defining crimes to relatively unaccountable

police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id.* at 2325 (internal citations omitted). Hence, the "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement . . . ." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). When faced with whether to apply the doctrine, courts "are constrained to interpret statutes . . . so as to avoid potential conflict with the Constitution." *United States v. Blewett*, 719 F.3d 482, 487 (6th Cir. 2013).

### B. Section 1346 is not Facially Unconstitutional.

Chen first posits that § 1346's failure to define "the intangible right of honest services" renders the section facially unconstitutionally vague because an average citizen could not understand what that phrase means.[3] "A facial challenge seeks to secure a declaration that a statute is utterly inoperative." *United States v. Frost*, 125 F.3d 346, 370 (6th Cir. 1997). Where, as here, the statute does not implicate constitutionally protected conduct, Chen must prove that § 1346 is "impermissibly vague in all of its applications" to succeed on her vagueness challenge. *Hoffman Estates v. Flipside*, *Hoffman Estates*, 455 U.S. 489, 497 (1982). This she cannot do.

As always, the analysis starts with the language of the statute. The counts sound in 18 U.S.C.S. § 1343, which provides:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises,
> transmits or causes to be transmitted by means of wire, . . .

---

[3] The typical order of vagueness analysis begins with whether the statute is void as applied, because if the answer to that query is in the negative, the result of the facial analysis is necessarily the same. "[A] court can find a statute unconstitutionally vague on its face only if the court concludes that it is capable of no valid application." *NRA of Am. v. Magaw*, 132 F.3d 272, 293 (6th Cir. 1997). Regardless, the Court proceeds here with the facial analysis first because the law is well-settled on the issue of whether § 1346 is facially unconstitutional for vagueness.

> communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

Section 1346 defines "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services." Here, the Government asserts that the Defendants engaged in a scheme or artifice to deprive Nationwide of its intangible right of Defendants' honest services.

Chen asserts § 1346's failure to define "honest services" and to set forth what and whose conduct falls within the doctrine's purview renders the section facially void for vagueness. However, the Supreme Court definitively decided the opposite in *Skilling*.

Skilling was a former chief executive officer of Enron Corporation. Shortly after he resigned, Enron declared bankruptcy and its stock value plummeted. A subsequent massive federal investigation "uncovered an elaborate conspiracy to prop up Enron's stock prices by overstating the company's financial well-being . . . ." and resulted, *inter alia*, in Skilling's indictment for "honest services" wire fraud in violation of § § 1343 and 1346. *Skilling*, 561 U.S. at 358. The jury found him guilty of that charge and Skilling appealed.

Skilling challenged his honest services conviction before the appeals court. The Court of Appeals rejected Skilling's claim that his conduct was insufficient to find any conspiracy to commit honest-services fraud but left untouched "Skilling's argument that the honest-services statute, if not interpreted to exclude his actions, should be invalidated as unconstitutionally vague." *Id.* at 360. The Supreme Court granted *certiorari*.

Faced with the issue of whether § 1346 was unconstitutionally vague in violation of due process requirements, the Supreme Court began by tracing the origin of the honest services

doctrine in both the public and private contexts. The result of that extensive review was to decline Skilling's invitation to invalidate the statute *in toto*. *Id.* at 405. Instead, the Supreme Court interpreted the statute in a limited fashion to maintain its practice of not holding federal statutes unconstitutionally vague. *Id. at* 405-406. As a result, the Supreme Court cited to courts of appeals decisions describing "schemes involving bribes or kickbacks as core . . . honest services fraud precedents," while holding that "§ 1346 is not unconstitutionally vague" when "[i]nterpreted to encompass only bribery and kickback schemes." *Id. at* 412 (citations and internal quotations omitted).

That holding necessarily means that § 1346 is not facially unconstitutional because the Supreme Court found a constitutional application of the statute existed. Both the Seventh and Eleventh Circuit Courts of Appeals have since adhered to that conclusion. *See United States v. Cook*, 914 F.3d 545, 550 (7th Cir. 2019), cert. granted, judgment vacated on other grounds, 140 S. Ct. 41 (2019); *see also United States v. Nelson*, 712 F.3d 498, 505 (11th Cir. 2013). *Skilling* thus forecloses Chen's facial vagueness challenge. Accordingly, pursuant to *Frost*, *Skilling*, *Cook* and *Nelson*, the Court finds Chen's facial attack on § 1346 insufficient to warrant dismissal in this instance.

## C. Section 1346 is not Unconstitutional as-applied to Chen.

In an "as applied" statutory constitutional challenge, a party asserts that application of the statute to her particular circumstances would be unconstitutional. *Frost*, 125 F.3d at 370. Chen thus argues that the application of section 1346 to her case would be unconstitutional because "there is no consensus" as to the meaning or source of the "fiduciary duty" required element of honest services fraud. (ECF No. 49 at 9.) The Government returns to *Skilling* to argue caselaw shows an employment relationship establishes the existence of a fiduciary duty. (ECF No. 59 at

8.) Because the caselaw is clear on the issue of fiduciary duty, and the Government alleged Chen's conduct involved kickbacks, the Court denies Chen's motion to dismiss (ECF No. 49) on this ground as well.

Chen initially argues that "there is no consensus . . . as to . . . the source of the fiduciary obligation" such that § 1346's application to her case would be void for vagueness. (ECF No. 49 at 9.) She is mistaken. "[I]t is not only the language of a statute that can provide the requisite fair notice; judicial decisions interpreting that statute can do so as well." *United States v. Smith*, 985 F. Supp. 2d 547, 588 (S.D.N.Y. 2014) (citing *Screws v. United States*, 325 U.S. 91, 104 (1945) ("For the specific intent required by the Act is an intent to deprive a person of a right which has been made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them.")); *United States v. Lanier*, 520 U.S. 259, 266, (1997) ("[D]ue process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope.") Such decisions are not limited to those issued by the Supreme Court. *See Lanier*, 520 U.S. at 268-69.

The *Skilling* court held that the honest-services doctrine's "solid core" involved "offenders who, in violation of a fiduciary duty, participated in bribery or kickback schemes." *Skilling*, 561 U.S. at 407. Hence, *Skilling* made clear that honest-services wire fraud requires both a fiduciary duty and a bribery or kickback scheme.

*Skilling* does more than just solidify the constitutionality of § 1346 by limiting its scope to schemes involving bribes or kickbacks. The case also provides fair notice as to the basis and scope of § 1346's application. *Skilling* recognizes that a fiduciary duty is inherent in an employee-employer relationship in the public and private sectors. *Id.* at n.41; *see also United*

*States v. Nouri*, 711 F.3d 129, 137 n.1 (2d Cir.) (rejecting challenge to the district court's jury instruction that the defendant owed a duty of honest services to his employer, as "[t]he existence of a fiduciary relationship between an employee and employer is beyond dispute, and the violation of that duty through the employee's participation in a bribery or kickback scheme is within the core of actions criminalized by § 1346"), cert. denied sub nom. *Martin v. United States*, 134 S. Ct. 309 (2013). Moreover, "[t]he normal relationship of employer and employee implies that the employee will be loyal and honest in all his actions with or on behalf of his employer, and that he will not wrongfully divulge to others the confidential information, trade secrets, etc., belonging to his employer." *United States v. Procter & Gamble Co.*, 47 F. Supp. 676, 678 (D. Mass. 1942). *Skilling* and *Procter & Gamble* thus provide that a source of a fiduciary duty under the honest-services wire fraud statute can be the employee-employer relationship.

Chen also maintains that the Indictment "does not allege that [her] conduct involved either a bribe or kickback scheme." (ECF No. 49 at 9.) This does not pertain to the section's vagueness. Rather, this argument relates only to the sufficiency of the Government's pleading. And, the Indictment asserts that Chen "accepted, intended to accept, and solicited a thing of value for the trade secrets and property of [Nationwide]" in the form of cash, speaking engagements and patents. (ECF No. 59 at 14 (citing ECF No. 6 at ¶¶ 19-20.)) This falls within the gambit of bribes and kickbacks as set forth in *Skilling*. Whether the alleged conduct qualifies as a bribe or kickback is a matter for another day. See *United States v. Skaggs*, No. 2:18-CR-51-RLJ-HBG, 2019 U.S. Dist. LEXIS 211738, at *26 (E.D. Tenn. Nov. 25, 2019) ("Whether the Government can prove an element of the offense is generally a matter for the trier of fact to determine at trial.").

Consequently, the Court **DENIES** Chen's Motion to Dismiss Counts 5, 7-11, 14, 16-18 and 20-27 Because 18 U.S.C. § 1346 is Void for Vagueness (ECF No. 49).

### III.     MOTIONS TO DISMISS FOR FAILING TO STATE AN OFFENSE

This motion, in which Defendant Zhou joins, utilizes Fed. R. Crim. P. 12(b)(3)(B)(v) to seek dismissal of the counts. (ECF No. 50, 54.) Specifically, Chen argues the Indictment fails to state an offense against her for two reasons. First, because the Indictment does not allege the existence and breach of a fiduciary duty between her and Nationwide. Second, because Nationwide does not assert a breach of fiduciary claim against her in Nationwide's companion civil case, 19cv-4574, which is also lodged before this Court. The Government again points to *Skilling* to counter Chen's former contention and disputes the latter by asserting that it is not bound by a non-party's civil filing.

#### A.  The Indictment Sufficiently States an Offense.

Federal R. Crim. P. 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Federal R. Crim. P. 12(b)(3)(B)(v) states that a defendant may raise a pretrial motion to dismiss on the basis that the indictment fails to state an offense.

An indictment sufficiently states an offense under Rule 12(b)(3)(B)(v) "if it alleges conduct satisfying every element of the charged offense." *United States v. Maddux*, 917 F.3d 437, 443 (6th Cir. 2019) (citing *United States v. Olive*, 804 F.3d 747, 753 (6th Cir. 2015)). In this regard, "the indictment must: (1) set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,] and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same

crime based on the same facts." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (citation and quotations omitted).

"An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992). Yet, an indictment's repetition of statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *Id. at* 176 (quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)).

In addition, the Sixth Circuit directs that the "indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *McAuliffe*, 490 F.3d at 531 (citing *United States v. Reed*, 77 F.3d 139, 140 n.1 (6th Cir. 1996) (*en banc*)). "An indictment is to be construed liberally in favor of its sufficiency." *McAuliffe*, 490 F.3d at 531 (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002)).

With those parameters in mind, the Court turns to the Indictment itself. The Indictment charges Chen with conspiracy to commit honest services wire fraud and honest services wire fraud. To reiterate, the wire fraud statute, 18 U.S.C.S. § 1343, provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

In turn, § 1346 defines "scheme or artifice to defraud" to include "a scheme or artifice to deprive another of the intangible right of honest services."

Here, the Government asserts that the Defendants conspired to, and actually did, engage in a scheme or artifice to deprive Nationwide of its intangible right of Defendants' honest services. Specifically, as to conspiracy, the Indictment states:

> Beginning in or around 2013, the exact date being unknown to the Grand Jury, and continuing to the present, in the Southern District of Ohio, and elsewhere, the defendants, YU ZHOU and LI CHEN, together with others known and unknown to the Grand Jury, did knowingly and intentionally *conspire* and agree to commit an offense against the United States, that is, *to devise and intend to devise a scheme and artifice to defraud* as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and material omissions, . . . and *to deprive Nationwide Children's Hospital of its intangible right to ZHOU'S and CHEN's honest services*, and in furtherance of the scheme used wire communications in interstate and foreign commerce, in violation of 18 U.S.C. § 1343 [and § 1349].

(ECF No. 6 at ¶ ¶ 24, 25) (Emphasis added). And regarding the substantive honest-services wire fraud counts, the Indictment similarly provides:

> Beginning in or around 2013, the exact date being unknown to the Grand Jury, and continuing to the present, in the Southern District of Ohio, and elsewhere, the defendants, YU ZHOU and LI CHEN, together with others known and unknown to the Grand Jury, *did knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud* as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and *to deprive Nationwide Children's Hospital of its intangible right to ZHOU's and CHEN's honest services*.

*Id*. ¶ 27 (Emphasis added). Hence, the Indictment tracks the language of the relevant statutes.

The Court next performs the facts and circumstances analysis. While honest-services wire fraud has several elements, Chen focuses only on the breach of fiduciary duty requirement. *See United States v. Milovanovic*, 678 F.3d 713, 728 (9th Cir. 2012). In particular, Chen argues that the Indictment fails to adequately assert the existence and breach of a fiduciary duty. (ECF No. 50 at 3.) The Court disagrees.

The Indictment alleges that Defendants were Nationwide's employees at the time of the charged conduct. (ECF No. 6 ¶ ¶ 8, 19(a).) That employee-employer relationship renders the existence of a fiduciary duty "beyond dispute." *Skilling*, 561 U.S. at 407 n.41. And, it is of no import that the Indictment does not contain the exact phrase "fiduciary duty." This is because the existence of that duty may be inferred via the allegation that Defendants were Nationwide's employees at the time of the conduct at issue. *See McAuliffe*, 490 F.3d at 531-32; *see also Skillling*, 561 U.S. at 407 n.41. As a result, the Indictment sufficiently alleges the existence of a fiduciary duty among Defendants and Nationwide.

Under *Skilling*, a breach of fiduciary duty occurs by participation in a bribe or kickback scheme. *Skilling*, 561 U.S. at 407. Accordingly, the Indictment's factual underpinnings for breach of that duty include the detailed, date-specific averments that Defendants accepted or intended to accept items of value in exchange for their disclosing or selling Nationwide's exosome-related trade secrets. (ECF No. 6 ¶ ¶ 19-20.) *Skilling* found such conduct to fall within the parameters of bribery or kickbacks required under § 1346. *Skilling*, 561 U.S. at 401 (quoting *Procter & Gamble Co.*, 47 F. Supp. at 678). The Indictment sufficiently avers breach.

In sum, because the counts "track the language of the respective statutes, include[] allegations that meet *Skilling's* requirements for honest services fraud, apprises [Defendants] of the nature of the accusations against [them], and provide[] notice generally of where and when

the crime occurred, [the honest-services wire fraud counts are] legally sufficient." *See United States v. Avenatti*, 2020 U.S. Dist. LEXIS 4266, at *23 (S.D.N.Y. Jan. 8, 2020). Chen's and Zhou's Motions to Dismiss for Failure to State an Offense (ECF Nos. 50, 54) on sufficiency grounds are therefore **DENIED**.

### B. Nationwide's Civil Filings do not Affect this Criminal Case.

Chen's final argument supporting dismissal relies upon an omission within Nationwide's civil complaint against Defendants. Therein, Nationwide does not assert a breach of fiduciary duty claim against Defendants. According to Defendants, this omission is the "best evidence" establishing that they did not owe, and did not breach, a fiduciary duty to Nationwide. (ECF No. 50 at 6.)

The argument is unavailing. Due to differing standards and elements involved in criminal and civil cases, the Court declines to apply preclusive effect to a criminal count based upon the civil litigation strategy of a non-party to that same criminal case in a separate civil action.

The Court **DENIES** Defendants' Motions to Dismiss for Failing to State an Offense (ECF Nos. 50, 54).

### IV. MOTION TO DISMISS FOR FAILING TO STATE AN OFFENSE

Chen's second alternative dismissal motion asserts that the conspiracy and substantive honest services and money or property wire fraud counts (Counts 5, 7-11, 14, 16-18, and 20-27) must be dismissed because they are duplicitous in violation of the Sixth Amendment's guarantee of jury unanimity. (ECF No. 61.) The Government submits that dismissal on the basis of duplicity is improper, as honest services wire fraud and money or property wire fraud are two different theories of liability for a single crime.

The pertinent Indictment language is set forth *supra* in Section III A. The counts in focus for this particular motion assert that Chen "knowingly, and with the intent to defraud, devise[d] and intend[ed] to devise a scheme and artifice to defraud as to a material matter, and to obtain money or property" and "to deprive Nationwide . . . of its intangible right to . . . Chen's honest services." (ECF No. 6 ¶ ¶ 24-28.)

"Duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity." *United States v. Hood*, 210 F.3d 660, 662 n. 4 (6th Cir. 2000). "A duplicitous indictment charges separate offenses within a single count." *United States v. Duncan*, 850 F.2d 1104, 1108 (6th Cir. 1988); *see also United States v. Prabhu Ramamoorthy*, No. 19-1033, 2020 U.S. App. LEXIS 3762, at *5 (6th Cir. Feb. 7, 2020) (same). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *Id*. "Furthermore, the jury cannot convict on one offense and acquit on another offense charged in the same count." *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997) (citing 1 Charles Alan Wright, Federal Practice and Procedure, § 142 (1982)).

Chen argues that the wire fraud counts are duplicitous because each count alleges more than one scheme, i.e., each count alleges both (1) a scheme to obtain money and property by means of materially false and fraudulent pretenses and (2) a scheme to deprive Nationwide of its right to Chen's honest services. *See United States v. Caldwell*, 302 F.3d 399, 408 (5th Cir. 2002). This violates the Sixth Amendment, according to Chen, by preventing the jury from "separately deciding the issue of guilt or innocence with respect to each particular offense" which leads to uncertainty on the unanimity requirement. (ECF NO. 61 at 3.)

The Government responds that the counts merely serve to allege alternative methods of violating the wire fraud statute, not to assert separate schemes. Put differently, the Government alleges "one scheme to defraud with two objects: (1) to obtain money or property; and (2) to deprive [Nationwide] of the intangible right of honest services." (ECF No. 66). Hence, the Government asserts no duplicity concerns are present here.

The Indictment in this case sets forth "multiple factual scenarios" to prove the counts at issue. *See Washington*, 127 F.3d at 513. "The mere existence, however, of multiple theories of liability or multiple factual predicates for violation of a statute does not render the indictment duplicitous." *Id*. (citing *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993) (an indictment under statute which subjects several alternative acts to the same punishment may charge any or all acts conjunctively without duplicity, and government need only prove violation of one of the alleged acts to prove violation of the statute). Because a defendant may violate the wire fraud statute in several different ways, "[c]onduct that may be prosecuted under an intangible rights theory could conceivably also be prosecuted under a money or property theory." *United States v. Turner*[4], 465 F.3d 667, 679 (6th Cir. 2006) (citing *United States v. Miller*, 471 U.S. 130, 134 (1985)). As such, a single scheme may involve obtaining money by false and fraudulent representations and also involve depriving another of the right to honest services. *See United States v. Caldwell*, 302 F.3d 399, 408 (5th Cir. 2002) *citing United States v. Harvard*, 103 F.3d 412, 420 (5th Cir. 1997).

---

[4] *Turner* involves mail fraud. The same analysis is used for mail fraud and wire fraud. *United States v. Daniel*, 329 F.3d 480, 486 n.1 (6th Cir. 2003) (noting that the statutes share the same relevant language and the same analysis should be used for each).

Because the Indictment does not charge separate offenses within a single count under *Caldwell*, *Washington* and *Turner*, the Court **DENIES** Chen's Alternative Motion to Dismiss Counts 5, 7-11, 14, 16-18 and 20-27 Because they are Duplicitous (ECF No. 61).

V.     **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Chen's Motions to Dismiss (ECF Nos. 49, 50 & 61) and **DENIES** Zhou's Amended Motion to Dismiss (ECF No. 54).

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**