IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Case No. 2:19-CR-163(1) and (2) |
| v. | : | |
| | : | JUDGE SARAH D. MORRISON |
| YU ZHOU (1) | : | |
| and | : | |
| LI CHEN (2), | : | |
| Defendants. | : | |

**OPINION & ORDER**

Defendant Yu Zhou's Motion to Dismiss Counts 5-7, 12-16, 18-20 and 22-26 of the Indictment (ECF No. 69) under Fed. R. Crim. P. 12(b)(3)(B)(v) and the Government's Response in Opposition (ECF No. 79) are presently before the Court for consideration. After due review, the Court **DENIES** the motion (ECF No. 69).

**I.     STANDARD OF REVIEW**

Federal R. Crim. P. 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Federal R. Crim P. 12(b)(3)(B)(v) states that a defendant may raise a pretrial motion to dismiss on the basis that the indictment fails to state an offense.

An indictment sufficiently states an offense under Rule 12(b)(3)(B)(v) "if it alleges conduct satisfying every element of the charged offense." *United States v. Maddux*, 917 F.3d 437, 443 (6th Cir. 2019) (citing *United States v. Olive*, 804 F.3d 747, 753 (6th Cir. 2015)). In this regard, "the indictment must: (1) set out all of the elements of the charge[d] offense and must

give notice to the defendant of the charges he faces[,] and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (citation and quotations omitted); *see also United States v. Howard*, No. 18-4213, 2020 U.S. App. LEXIS 1774, at *10 (6th Cir. Jan. 21, 2020) (same).

"An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992). Yet, an indictment's repetition of statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117-18 (1974)).

In addition, the Sixth Circuit directs that when considering a Rule 12(b)(3)(B)(v) motion the "indictment must be read as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications." *McAuliffe*, 490 F.3d at 531 (citing *United States v. Reed*, 77 F.3d 139, 140 n.1 (6th Cir. 1996) (*en banc*)). "An indictment is to be construed liberally in favor of its sufficiency." *McAuliffe*, 490 F.3d at 531 (citing *United States v. Davis*, 306 F.3d 398, 411 (6th Cir. 2002)).

## II. DISCUSSION

To summarize, the Indictment asserts that Zhou conspired to, and actually did:

> knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, and to deprive Nationwide Children's Hospital of its intangible right to Z[hou]'s . . . honest services.

2

(ECF No. 6 at ¶¶ 24-27.) The Indictment maintains Zhou did so when stealing Nationwide's trade secrets in violation of the wire fraud statutes, 18 U.S.C. §§ 1343 and 1349.[1] In support, the Indictment asserts that Zhou, in furtherance of the scheme to defraud, and without Nationwide's knowledge or consent: (1) disclosed Nationwide's trade secrets at speaking engagements; (2) covertly created a Chinese company; (3) used Nationwide's equipment to generate research that was depicted on marketing materials for one of Zhou's outside companies; (4) used Nationwide's images in marketing materials for one of Zhou's outside companies; (5) removed trade-secret information from Nationwide's server and placed it on his personal, external e-mail; (6) revealed Nationwide's trade secrets to numerous Chinese governmental institutions; and (7) applied for patents in China based upon Nationwide's trade secrets. *See* ECF No. 6 at ¶¶ 8, 18-22. The Indictment alleges Zhou used e-mails to facilitate those omissions and affirmative acts. *Id*.

Wire fraud, under § 1343, consists of three elements: (1) the defendant devised or willfully participated in a scheme to defraud, (2) the defendant caused to be used an interstate wire communication in furtherance of the scheme, and (3) the defendant intended to deprive a victim of money or property. *United States v. Faulkenberry*, 614 F.3d 573, 581 (6th Cir. 2010) (internal quotation marks and citation omitted). Conspiracy to commit wire fraud, as set forth in § 1349, involves "two or more persons conspir[ing], or agree[ing], to commit the crime of [wire fraud]" and the "defendant knowingly and voluntarily join[ing] the conspiracy." *United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014) (citation omitted).

---

[1] Zhou's motion asserts that both the money and property and the honest services aspects of the wire fraud substantive and conspiracy counts are subject to dismissal. (ECF No. 69 at 3.)

Zhou does not argue that the Indictment lacks "magic" language or adequate factual allegations. Instead, he argues that the Indictment's factual allegations, themselves, are an insufficient predicate as a matter of law to state an offense for wire fraud and/or conspiracy to commit wire fraud. In particular, he argues that the basis for the Indictment amounts to nothing more than a civil breach of contract between himself and Nationwide, his private employer. As such, he argues that because the Government does not allege that he had the intent to defraud Nationwide at the time he became Nationwide's employee, and because the Government does not allege that he took affirmative actions to conceal his alleged fraud, the asserted breach of contract allegations cannot amount to wire fraud and the counts should be dismissed for failing to state a claim.

The Government counters that Zhou interprets the Indictment too narrowly. According to the Government, the Indictment does not assert breach of contract, but rather "alleges a multiyear campaign of deception, dishonesty, and concealment that plainly is prohibited by the wire fraud statute." (ECF No. 70 at 7.) Put differently, the Government maintains that the Indictment alleges that Zhou engaged in a scheme to defraud in violation of § § 1343 and 1349. The Government also points to several sections of the Indictment that do assert affirmative action on the part of Zhou, even though, the Government claims, such action is not required to impose guilt under the wire fraud statutes in focus. (ECF No. 79 at 7.)

The Court now considers each side's arguments.

### A. Intent

Zhou initially turns to *United States v. Lee*, No. 94-2204, 1995 U.S. App. LEXIS 24203 (6th Cir. Aug. 24, 1995), to argue that the Indictment's failure to allege that he had intent to defraud Nationwide at the time he entered its employ is fatal to the counts. In that matter, Lee

was convicted of mail fraud after a bench trial based upon his breach of his security agreement with a bank.[2] Lee appealed his conviction on the grounds of insufficient evidence. The Sixth Circuit affirmed. While so holding, however, the appeals court relevantly stated:

> [N]egligence, even "serious" negligence, and breach of contract cannot form the basis of a mail fraud prosecution. *See, e.g., D'Amato*, 39 F.3d at 1261 n.8 ("A breach of contract does not amount to mail fraud."); *McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc.*, 904 F.2d 786, 791 (1st Cir.) ("Nor does a breach of contract in itself constitute a scheme to defraud."), cert. denied, 498 U.S. 992, 112 L. Ed. 2d 546, 111 S. Ct. 536 (1990). The mail and wire fraud statutes apply only when a promisor enters into an agreement knowing that he does not intend to perform under the agreement. *United States v. Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), cert. denied, 112 S. Ct. 3029 (1992). Where a promisor enters into a contract or loan agreement intending to perform, the promisor's subsequent nonperformance is the predicate for civil liability, not criminal culpability under the mail and wire fraud statutes.

*Lee*, 1995 U.S. App. LEXIS 24203, at **9-10. From this, Zhou asserts that the counts "cannot stand, as a matter of law, since there is no allegation that [he] entered into his employment contract with NCH with the intention of non-performance." (ECF No. 4.)

His contention might hold weight if the Indictment is premised upon breach of contract. But it is not. Rather, the Indictment asserts that Zhou conspired to, and did, utilize the wires to engage in a scheme to defraud in violation of the wire fraud statutes. (ECF No. 6 at ¶ ¶ 24-25, 27-28.) "A scheme to defraud includes any plan or course of action by which someone intends to deprive another by deception of money—deprive another by deception of money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 479 (6th Cir. 1999). "The standard is a reflection of moral

---

[2] Mail fraud cases may be used to analyze wire fraud cases. *United States v. Daniel*, 329 F.3d 480, 486 n. 1 (6th Cir. 2003) (citations omitted).

uprightness, of fundamental honesty, fair play and right dealing in the general and business life of members of society." *United States v. Daniel*, 329 F.3d 480, 486 (6th Cir. 2003) (internal quotations and citation omitted). That is the import of the Indictment in this case.

The Indictment alleges that Zhou "knowingly and with the intent to defraud, devise[d] and intend[ed] to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises and omissions . . . ." *See* ECF No. 6 ¶ ¶ 24-25, 27-28. While the scheme may have involved Zhou breaching his contract with Nationwide, it is the scheme itself that forms the basis for the Indictment, not any collateral contract breaches. Construing the Indictment in this liberal manner as the Court must under *McAuliffe* compels the conclusion that the Indictment's failure to assert Zhou had intent to defraud Nationwide at the commencement of his employment is not fatal to the wire fraud offenses. Zhou's Motion to Dismiss on intent grounds is therefore **DENIED**.

### B. Affirmative Action

Zhou secondly asserts that "a scheme to defraud" within the meaning of the wire fraud statutes requires omissions or affirmative misrepresentations. (ECF No. 69 at 8.) Consequently, he argues that the Indictment fails to state an offense because it does not include any allegations of omissions or affirmative actions to deceive or conceal on Zhou's part. (ECF No. 69 at 5-6.) The Government opposes first by contending that affirmative action is not required to establish a scheme to defraud, and then by noting that the Indictment does allege such action as well as omissions. (ECF No. 79 at 7.)

The Court need not decide whether an Indictment must plead affirmative misrepresentations to stave off a Rule 12(b)(3)(B)(v) challenge in a wire fraud case because the

Indictment does so. To illustrate, the Indictment includes allegations, *inter alia*, that Zhou affirmatively misrepresented that Nationwide's research and images belonged to one of Zhou's outside companies. (ECF No. 6 ¶ ¶ 20(v), (fff).) Hence, this ground for dismissal is without merit.

Turning to the issue of omissions, "[a] misrepresentation can be made through omissions or through circumstances 'reasonably calculated to deceive persons of ordinary prudence and comprehension.'" *United States v. Birnie*, 193 F. App'x 528, 536 (6th Cir. 2006) (quoting *United States v. Hathaway*, 798 F.2d 902, 908 (6th Cir. 1986)). "Deception is not necessarily confined to a direct misstatement of fact." *Birnie*, 193 F. App'x at 536 (citing *United States v. Lichota*, 351 F.2d 81, 91 (6th Cir. 1965)).

In this regard, the Indictment asserts that Zhou covertly created a Chinese company, conducted part of the scheme in China, used Chinese servers and engaged with the Chinese government to facilitate the scheme. (ECF No. 6 at ¶ ¶ 8, 19, 20). The Indictment therefore also contains averments of omissions, making Rule 12(b)(3)(B)(v) dismissal on this basis improper.

To avoid that determination, Zhou notes that he openly and notoriously applied for patents in China, attended conferences in China, created his companies and issued press releases about them. (ECF No. 69 at 6.) According to Zhou, those actions were sufficient to put Nationwide on constructive notice of his activities such that there was no deception via concealment, and therefore no scheme to defraud, in this case. *Id*. at 6, 7 and 9.

He begins by contending that "[a] patent is a public record that notifies the world." *Deep Water Slender Wells, Ltd. v. Shell Oil Co.*, No. H-12-1166, 2013 U.S. Dist. LEXIS 166956, at *5 (S.D. Tex. Nov. 22, 2013) citing to *Boyden v. Burke*, 55 U.S. (14 How.) 575, 582 (1853) ("Patents are public records. All persons are bound to take notice of their contents, and

consequently should have a right to obtain copies of them."). The Court concurs "that *issuance* of a patent *and recordation* in the [United States] Patent Office constitute notice to the world of its existence." *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co*., 297 U.S. 387, 393 (1936) (emphasis added); *see also Shell Oil Co*., 2013 U.S. Dist. LEXIS 166956, at *5 (holding plaintiff's delay in filing suit began when "he should have known that the patent *issued*.") (emphasis added). Yet, the Indictment alleges only that Zhou filed for patents in China, not that a patent was issued and was recorded in the patent offices of either China or the United States. (ECF No. 6 at ¶ 19(b), (l), (t) and (lll).) Likewise, Zhou does not contend that his Chinese patent applications resulted in issued patents that were recorded in the appropriate agency for either country. *See* ECF No. 69. Zhou's reliance upon *Shell Oil* is therefore misplaced.

And, Zhou provides no citation for the proposition that Nationwide is charged with constructive notice of several patent applications out of the 4.55 million applications filed in China's patent office between 2016 and 2018.[3] The Government alleges that Zhou's deception and omissions gave Nationwide no reason to know about Zhou's conduct.

The same reasoning applies to Zhou's press releases; that is, Zhou's alleged deception and omissions gave Nationwide no reason to conduct an international search of the countless press releases that issue each day to ensure Zhou was not stealing Nationwide's trade secrets.

---

[3] Statistical Country Profiles – China, (visited Jan. 29, 2020), https://www.wipo.int/ipstats/en/statistics/country_profile/profile.jsp?code=CN.

Zhou next claims that one of his "alleged" companies has a trademark for "GET<sup>TM</sup> One Drop Isolation Kit" which serves to establish Nationwide's constructive notice of his actions under the Copyright Act, 17 U.S.C. § 101 *et seq*. (ECF No. 69 at 6 citing to ECF No. 6 at ¶ 10.) In support, he cites to *In re AEG Acquisition Corp*., 161 B.R. 50, 57 (B.A.P. 9th Cir. 1993), for the proposition that "[u]nder United States law, recording a document in the Copyright Office gives all persons constructive notice of the information contained in the document . . . ." (ECF No. 69 at p. 6.) The remainder of that sentence pertinently provides "only if the document identifies the work to which it relates and the work is registered." *In re AEG*, 161 B.R. at 57 (citing 17 U.S.C. § 205(c)).

The Court finds Zhou's reliance upon that case is misplaced for two reasons. First, because the Copyright Act addresses copyrights but the Indictment does not. Second, because *In re World Auxiliary Power Co*., 303 F.3d 1120, 1126 (9th Cir. 2002) subsequently held that for constructive notice to exist under the Copyright Act, the document must have been one that was registered with the Copyright Office. Here, the Indictment does not allege, and Zhou does not claim, that the phrase is an actual trademark or that the purported trademark was registered either with the United States Patent and Trademark Office or with the United States Copyright Office. As such, neither *In re AEG* nor 17 U.S.C. § 205(c) sufficiently buttress Zhou's contentions.

Hence, the Court finds constructive knowledge to be an insufficient basis upon which to grant dismissal under Rule 12(b)(3)(B)(v) in this instance pursuant to the cited authorities.

## III. CONCLUSION

The Court **DENIES** Defendant Yu Zhou's Motion to Dismiss Counts 5-7, 12-16, 18-20 and 22-26 of the Indictment (ECF No. 69).

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**